Rufe Gordon v. The State.

No. 1272.   Decided June 21, 1911.

**Theft—Charge of Court—Circumstantial Evidence.**

   Where the charge of the court did not assume defendant's guilt, but informed the jury that these necessary facts must be consistent with each other, and with the main fact sought to be established, namely the defendant's guilt, there was no reversible error.

Appeal from the District Court of Angelina.   Tried below before the Hon. James I. Perkins.

Appeal from a conviction of felony theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of the theft of seventy-five dollars United States paper currency, his punishment being assessed at two years confinement in the penitentiary.

The record does not contain a bill of exceptions, nor is it accompanied by a statement of facts.   All of the grounds set up in the motion for a new trial relate to the sufficiency of the evidence except one, and that is with reference to a charge on circumstantial evidence. This charge seems to be in the form that has been approved frequently by this court, and is the charge usually given.   The contention of appellant is that there is an expression in the charge which made it a charge on the weight of evidence, in that the court used in connection with the statement "these necessary facts must be consistent with each other and with the main facts sought to be establishd—that is, with the defendant's guilt—and when taken together must be of a conclusive nature, leading on the whole," etc.   The criticism is that the expression above quoted, as follows, "that is, with the defendant's guilt," is a charge on the weight of evidence.   The main fact sought to be established is defendant's guilt.   This does not assume that defendant is guilty, nor so instruct the jury, but it informs the jury that these necessary facts must be consistent with each other, and with the main fact sought to be established—that is, the defendant's guilt.   We think there is no merit in this contention.

The judgment is affirmed.

                                                     *Affirmed.*